# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACQUEL C. BENAS and BENJIE C. BENAS,<br><br>Plaintiffs,<br><br>vs.<br><br>SHEA MORTGAGE INC.; IBM LENDER BUSINESS PROCESS SERVICES, INC.; CHASE HOME FINANCE, LLC; and DOES I - XX, Inclusive,<br><br>Defendants. | CASE NO. 11cv1461 - IEG (BGS)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>[Doc. No. 5]<br><br>**(2) GRANTING DEFENDANT SHEA, IBM, AND CHASE'S MOTIONS TO DISMISS**<br><br>[Doc. Nos. 2, 4, 14]<br><br>**(3) DENYING AS MOOT SHEA'S MOTION TO STRIKE**<br><br>[Doc. No. 2] |

Presently before the Court is a motion to remand brought by Plaintiffs Racquel C. Benas and Benjie C. Benas ("Plaintiffs"), [Doc. No. 5], three motions to dismiss Plaintiffs' complaint brought by Defendants Shea Mortgage Inc. ("Shea"), IBM Lender Process Services, Inc. ("IBM"), and Chase Finance, LLC ("Chase") (collectively "Defendants"), [Doc. Nos. 2, 4, 14], and a motion to strike portions of Plaintiffs' complaint brought by Defendant Shea. [Doc. No. 2.] The motions have been fully briefed and are suitable for disposition without oral argument under Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Plaintiffs' motion to remand, the Court **GRANTS** Defendants' motions to dismiss, and **DENIES AS MOOT** Shea's motion to

1  strike.

## BACKGROUND

This is a mortgage case. Plaintiffs allege they purchased the subject property, located at 538 Trovita Court, Escondido, California, on March 17, 2008. [Doc. No. 1-2, Compl. ¶¶ 2, 8, Exs. 2, 4.] To fund that purchase, Plaintiffs secured a loan for $417,000 from Defendant Shea, secured by a Deed of Trust. [Id. ¶ 10, Ex. 4.] On February 11, 2011, there was a notice of default on Plaintiffs' property, [id. ¶ 27, Ex. 28], and on May 6, 2011, there was a notice of trustee's sale stating that the sale of Plaintiffs' property would take place on June 1, 2011. [Id. ¶ 34, Ex. 35.]

On May 27, 2011, Plaintiffs filed the present action against Defendants Shea, IBM, and Chase in San Diego Superior Court alleging causes of action for (1) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2604(a), (b), (d); (2) violation of RESPA, 12 U.S.C. §§ 2604(c), (d); (3) violation of RESPA, 12 U.S.C. § 2605(a); (4) violation of RESPA, 12 U.S.C. § 2607(c)(4)(A); (5) violation of RESPA, 12 U.S.C. § 2603(a); (6) violation of RESPA, 12 U.S.C. § 2609(e); (7) violation of RESPA, 12 U.S.C. § 2605(e); (8) breach of fiduciary duties under California Civil Code §§ 2923.1 and 2079.24 and California Business and Professions Code § 10176; (9) constructive fraud under California Civil Code § 1573; (10) negligent misrepresentation and concealment under California Civil Code §§ 1709-1710; and (11) violation of California Business and Professions Code § 17200. [Compl.] Plaintiffs also filed on May 25, 2011 a motion for a temporary restraining order staying the foreclosure proceedings, which was granted by the state court on May 26, 2011. [Doc. Nos. 1-3, 1-4.] On July 1, 2011, Defendants removed the action from state court to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). [Doc. No. 1, Notice of Removal.]

///
///
///
///
///

# DISCUSSION

## I. Plaintiffs' Motion to Remand

Plaintiffs move to remand this action back to state court. [Doc. No. 5-1.] Plaintiffs argue that the case should be remanded due to the doctrine of abstention.[1] [Id. at 3-6.] Defendant Shea argues that removal is proper as this Court has jurisdiction over Plaintiffs' claims, and the Court does not have to abstain from hearing Plaintiffs' state law claims. [Doc. No. 13.]

A defendant may remove "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For a case to be removable as a federal question, it must be a case that could have been brought in a district court as a federal question under 28 U.S.C. § 1331. Further, when a district court has original jurisdiction over a claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Plaintiffs bring seven causes of action under the Real Estate Settlement and Procedures Act, a federal statute. [Compl.] Accordingly, the Court has original jurisdiction over these claims, see 28 U.S.C. § 1331, and the Court also has supplemental jurisdiction over Plaintiffs' state law claims as all of Plaintiffs' claims are related to their mortgage loan and subsequent foreclosure proceedings. See 28 U.S.C. 1367(a). Therefore, removal by Defendants is proper unless one of the abstention doctrines cited by Plaintiffs is applicable.

Plaintiffs first argue that remand is appropriate pursuant to 28 U.S.C. § 1441(c) because its state law causes of action predominate. However, Plaintiffs' contention that "the entire action, including the [RESPA claims], could be remanded because state law claims predominate is not

---

[1] In their motion to remand, Plaintiffs also argued that the notice of removal was defective because the notice was not joined by all the served Defendants. [Doc. No. 5-1 at 2-3.] However, in their reply, Plaintiffs concede that Defendants have subsequently cured this defect. [Doc. No. 18 at 3.] See Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011) (stating that the removing defendants may "cure the defect by obtaining joinder of all defendants prior to the entry of judgment").

1  supported by 28 U.S.C. § 1441(c)." Rawak-German v. Countrywide Bank, 2010 U.S. Dist. LEXIS
2  13088, at *4 (S.D. Cal. Feb. 16, 2010). The Court is not entitled to decline jurisdiction over
3  Plaintiffs' RESPA claims on the grounds that there are more state statutes at issue than federal
4  ones. See id.

5  Plaintiffs next argue that abstention is proper under the Burford abstention doctrine
6  because there are difficult questions of state law presented in their case. The Burford abstention
7  doctrine only applies in extraordinary circumstances where there are complex state regulatory
8  systems at issue. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 725-27 (1996). Burford
9  abstention is not proper in this action as there is no complex state regulatory system at issue. See
10 Patel v. Wash. Mut., 2010 U.S. Dist. LEXIS 8420, at *3 (S.D. Cal. Feb. 2, 2010).

11 Plaintiff also argues that remand is appropriate under the Younger abstention doctrine
12 because there are ongoing proceedings in state court. Younger abstention is proper where (1)
13 there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3)
14 there is an adequate opportunity in the state proceedings to raise federal questions. Middlesex
15 County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Here, there are no
16 ongoing state court proceedings. When a case is removed to federal court, the state court "shall
17 proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d); see also Rawak-
18 German, 2010 U.S. Dist. LEXIS 13088, at *4-5; Patel, 2010 U.S. Dist. LEXIS 8420, at *3.
19 Because there are no ongoing proceedings, Younger abstention is not appropriate.

20 Finally, Plaintiffs argue that the action should be remanded because Plaintiffs' choice of
21 forum should be given strong deference. [Doc. No. 5-1 at 6.] However, "[r]especting a plaintiff's
22 choice of forum does not permit a court to remand a properly removed action." Rawak-German,
23 2010 U.S. Dist. LEXIS 13088, at *5. Accordingly, the Court **DENIES** Plaintiffs' motion to
24 remand.

25 ///
26 ///
27 ///
28 ///

## II.     Defendants' Motions to Dismiss

### A.     Legal Standards for a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

### B.     Plaintiffs' Federal Claims Under RESPA

Plaintiffs' complaint alleges seven causes of action for violations of the Real Estate Settlement and Procedures Act ("RESPA")–six against Shea and one against IBM. [Compl. ¶¶ 35-

63.]

      i.      Violations of RESPA sections 2603(a), 2604(a)-(d), and 2609(c)

Plaintiffs' first, second, fifth, and sixth causes of action against Shea allege violations of RESPA sections 2603(a), 2604(a)-(d), and 2609(c). [Compl. ¶¶ 35-42, 51-57.] However, there is no private cause of action for violations of RESPA sections 2603, 2604, and 2609. See Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 874-75 (N.D. Cal. 2010) (holding no private cause of action for violations of sections 2603 and 2604); Levy v. JP Morgan Chase, 2010 U.S. Dist. LEXIS 118232, at *10-11 (S.D. Cal. Nov. 5, 2010) (holding same); Birkholm v. Wash. Mut. Bank, 447 F. Supp. 2d 1158, 1162-63 (W.D. Wash. 2006) (holding no private cause of action for violations of section 2609). Because Plaintiffs do not have a private right action to bring claims for violations of sections 2603, 2604, and 2609, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' first, second, fifth, and sixth causes of action.

      ii.      Violations of RESPA sections 2605(a) and 2607(c)(4)(A)

Plaintiffs' third and fourth causes of action against Shea allege violations of RESPA sections 2605(a) and 2607(c)(4)(A). [Compl. ¶¶ 43-50.] Shea argues that Plaintiffs are time barred from bringing these causes of action. [Doc No. 2 at 7-9.] Plaintiffs argue that they are not time barred because the doctrine of equitable tolling applies to their circumstances. [Doc. No. 10 at 4-6.] Shea responds that Plaintiffs have not pleaded allegations in their complaint showing that they are entitled to equitable tolling. [Doc. No. 21 at 3-4.]

The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 "from the date of the occurrence of the violation[.]" 12 U.S.C. § 2614. "[A]s a general rule the limitations period starts at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). "[E]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citation omitted). "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing

1  deadline to pass.'" O'Donnell v. Vencor, Inc., 466 F. 3d 1104, 1112 (9th Cir. 2006) (quoting
2  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

3  "At the pleading stage, a plaintiff seeking the benefit of equitable tolling must allege facts
4  sufficient to demonstrate that he could not have 'discovered the alleged violations by exercising
5  reasonable diligence.'" Perez v. Ocwen Loan Servicing, LLC, 2011 U.S. Dist. LEXIS 73769, at
6  *15-16 (S.D. Cal. Jul. 8, 2011).  Generally, a litigant seeking equitable tolling of a limitations
7  period bears the burden of establishing entitlement to equitable tolling. Pace v. DiGuglielmo, 544
8  U.S. 408, 418 (2005).

9  Plaintiffs' third and fourth causes of action are based on Shea's alleged failure to provide
10  certain disclosures at the time of the loan origination.  [Compl. ¶¶ 43-50.]  Plaintiffs' complaint
11  alleges that they closed on the loan at issue on March 17, 2008.  [Id. ¶ 10, Ex. 4.]  However,
12  Plaintiff did not file the present action until May 25, 2011, more than three years after the loan was
13  originated.  [Id.]  Further, Plaintiffs' complaint contains no allegations showing that they could not
14  have discovered the violations by exercising reasonable diligence and that they are entitled to
15  equitable tolling of the limitations period.  Because Plaintiffs did not file their complaint until
16  more than three years after the date of the violations, Plaintiffs' third and fourth causes of action
17  are barred by the statute of limitations.  See 12 U.S.C. § 2614.

18  In addition, Plaintiffs' claim for violation of section 2605(a) fails because Plaintiffs have
19  not alleged that Shea's conduct caused them any pecuniary damages.  "Numerous courts have read
20  Section 2605 as requiring a showing of pecuniary damages to state a claim."  Molina v. Wash.
21  Mut. Bank, 2010 U.S. Dist. LEXIS 8056, at *20-21 (S.D. Cal. Jan. 29, 2010) (collecting cases).
22  "This pleading requirement has the effect of limiting the cause of action to circumstances in which
23  plaintiff can show that a failure to respond or give notice has caused them actual harm."  Shepherd
24  v. Am. Home Mortg. Servs., Inc., 2009 U.S. Dist. LEXIS 108523, at *3 (E.D. Cal. Nov. 20, 2009)
25  (citation omitted).  Plaintiffs' complaint contains no allegations that they suffered any pecuniary
26  loss due to Shea's alleged failure to provide the disclosures required by section 2605(a).

27  Further, a violation of section 2607(c)(4)(A) standing alone is not actionable because
28  section 2607(c)(4)(A) is merely a safe harbor provision that Defendants may use to avoid liability

1  for violations of sections 2607(a) and 2607(b).  See Washington v. Nat'l City Mortg. Co., 2011
2  U.S. Dist. LEXIS 52067, at *21-22 (N.D. Cal. May 16, 2011).  Accordingly, the Court
3  **DISMISSES WITHOUT PREJUDICE** Plaintiffs' third cause of action and **DISMISSES WITH**
4  **PREJUDICE** Plaintiffs' fourth cause of action.

>            iii.     Violations of RESPA section 2605(e)

Plaintiffs' seventh cause of action against IBM alleges violations of RESPA section 2605(e).  [Compl. ¶¶ 58-63.]  IBM argues that Plaintiffs' claim should be dismissed because Plaintiffs fail to plead that they suffered any actual damages due to IBM's alleged failure to respond to their written requests.  [Doc. No. 4 at 6-7.]

Section 2605 of RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A); see also 12 U.S.C. § 2605(e)(2) (describing the action required to be taken in response to a qualified written request).  If a loan servicer fails to comply with the provisions of § 2605, a borrower shall be entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [§ 2605]."  12 U.S.C. § 2605(f)(1).

Plaintiffs allege that they sent IBM statutorily sufficient qualified written requests in March 2011 and on April 29, 2011.  [Compl. ¶¶ 31, 63, Ex. 32.]  Plaintiffs further allege that although IBM responded to both of Plaintiffs' requests, IBM's responses were deficient.  [Id. ¶¶ 32-33, 63, Exs. 33-34.]  However, as stated above, "[n]umerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim."  Molina, 2010 U.S. Dist. LEXIS 8056, at *20-21. Plaintiffs' complaint contains no allegations that they suffered any pecuniary loss due to IBM's allegedly deficient responses.  Accordingly, Plaintiffs fail to properly plead a cause of action for violation of section 2605(e), and the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' seventh cause of action.

1 ///

### C. Plaintiffs' State Law Claims

Plaintiffs' remaining claims arise under California law: violation of fiduciary duty, constructive fraud, negligent misrepresentation and concealment, and violation of California Business and Professions Code § 17200. [Compl. ¶¶ 64-157.] Where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."). When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and comity with state courts. Gibbs, 383 U.S. at 726. Where federal claims have been dismissed, the balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state law claims and dismissing them without prejudice. Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994). Having dismissed Plaintiffs' claims under RESPA and finding no diversity jurisdiction in Plaintiffs' complaint, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' eighth, ninth, tenth, and eleventh causes of action.

### III. Shea's Motion to Strike

In addition to its motion to dismiss, Defendant Shea also filed a motion to strike portions of Plaintiffs' complaint that seek punitive damages. [Doc. No. 2.] Because the Court dismisses Plaintiffs' complaint in its entirety, the Court **DENIES AS MOOT** Shea's motion to strike.

///
///
///
///
///
///
///
///

///

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' motion to remand, **GRANTS** Defendants Shea, IBM, and Chase's motions to dismiss, and **DENIES AS MOOT** Defendant Shea's motion to strike. The Court orders the following:

1. Plaintiffs' first, second, fourth, fifth, and sixth causes of action are **DISMISSED WITH PREJUDICE.**

2. Plaintiffs' third, seventh, eighth, ninth, tenth, and eleventh causes of action are **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff may file an amended complaint within (20) calendar days from the date of this Order.

**IT IS SO ORDERED.**

**DATED:** October 4, 2011

*[signature]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**