1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| RACQUEL C. BENAS and BENJIE C. BENAS,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>SHEA MORTGAGE INC.; IBM LENDER BUSINESS PROCESS SERVICES, INC.; CHASE HOME FINANCE, LLC; and DOES I - XX, Inclusive,<br><br>                Defendants. | CASE NO. 11cv1461 - IEG (BGS)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

17
18
19
20
21
22
23
24
25
26
27
28

Presently before the Court is Plaintiffs Racquel C. Benas and Benjie C. Benas ("Plaintiffs")'s motion for a temporary restraining order ("TRO"). [Doc. No. 5.] For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

## BACKGROUND

This is a mortgage case. Plaintiffs allege they purchased the subject property, located at 538 Trovita Court, Escondido, California, on March 13, 2008. [Doc. No. 37, FAC ¶¶ 1, 8.] To fund that purchase, Plaintiffs secured a loan for $417,000 from Defendant Shea Mortgage Inc. ("Shea"), secured by a Deed of Trust. [Id. ¶ 8.] On February 11, 2011, there was a notice of default on Plaintiffs' property, [id. ¶ 26], and on May 6, 2011, there was a notice of trustee's sale stating that the sale of Plaintiffs' property would take place on June 1, 2011. [Id. ¶ 33.]

On May 25, 2011, Plaintiffs filed the present action against Defendants Shea, IBM Lender

11cv1461

1   Business Process Services, LLC ("Seterus/IBM"), and JP Morgan Chase Bank ("Chase") in San

2   Diego Superior Court alleging eleven causes of action.  [Doc. No. 1-2, Compl.]  Plaintiffs also

3   filed on May 25, 2011 a motion for a temporary restraining order staying the foreclosure

4   proceedings, which was granted by the state court on May 26, 2011.  [Doc. Nos. 1-3, 1-4.]  On

5   July 1, 2011, Defendants removed the action from state court to this Court on the basis of federal

6   question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. §

7   1367(a).  [Doc. No. 1, Notice of Removal.]

8           Shortly after removing the action, all three Defendants moved to dismiss the complaint.

9   [Doc. Nos. 2, 4, 14.]  On October 4, 2011, the Court dismissed the complaint and gave Plaintiffs

10  leave to file a first amended complaint ("FAC").  [Doc. No. 24.]  On December 23, 2011, Plaintiffs

11  filed a first amended complaint alleging seven causes of action for: (1) violation of the Real Estate

12  Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605(a); (2) violation of RESPA, 12

13  U.S.C. § 2605(e); (3) breach of fiduciary duties under California Civil Code §§ 2923.1 and

14  2079.24 and California Business and Professions Code § 10176; (4) constructive fraud under

15  California Civil Code § 1573; (5) fraudulent concealment under California Civil Code §§ 1709-

16  1710; (6) negligent misrepresentation and concealment under California Civil Code §§ 1709-1710;

17  and (7) violation of California Business and Professions Code § 17200.  [FAC.]  By the present

18  motion, Plaintiffs seek a temporary restraining order enjoining Defendants from (1) foreclosing on

19  the subject property; (2) offering or advertising the subject property for sale; (3) attempting to

20  transfer title to the subject property; (4) offering to sell or selling title to the subject property; (5)

21  holding any auction therefore; and (6) attempting to evict or in any way make Plaintiffs vacate the

22  subject property.  [Doc. No. 51, Pl.'s Mot. at 1-2.]

23                                          **DISCUSSION**

24  **I.      Legal Standard**

25          The analysis on a motion for a temporary restraining order ("TRO") is substantially

26  identical to that on a motion for a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D.

27  Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A preliminary injunction is "an extraordinary

28  remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

1  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "A plaintiff seeking a

2  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

3  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

4  favor, and that an injunction is in the public interest."  Id. at 20.  As long as all four Winter factors

5  are addressed, an injunction may issue where there are "'serious questions going to the merits'"

6  and "a balance of hardships that tips sharply towards the plaintiff."  Alliance for the Wild Rockies

7  v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

8         The grant or denial of a preliminary injunction is reviewed for abuse of discretion.  Am.

9  Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  "[A] district

10 court necessarily abuses its discretion when it bases its decision on an erroneous legal standard or

11 on clearly erroneous findings of fact."  Id.  "Stated differently, [a]s long as the district court [gets]

12 the law right, it will not be reversed simply because the appellate court would have arrived at a

13 different result if it had applied the law to the facts of the case."  Id. (internal quotation marks

14 omitted).

15 **II.    Analysis**

16        **A.    Likelihood of Success on the Merits**

17        Plaintiffs argue that they are likely to succeed on the merits of their claims for breach of

18 fiduciary duty, fraudulent concealment, and negligent misrepresentation.  [Pl.'s Mot. at 3-5.]

19              i.    Breach of Fiduciary Duty

20        Plaintiffs bring a cause of action against Shea for breach of fiduciary duty.  [FAC ¶¶ 48-

21 64.]  Under California law, "to plead a cause of action for breach of fiduciary duty, there must be

22 shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that

23 breach.  The absence of any one of these elements is fatal to the cause of action."  Pierce v.

24 Lyman, 1 Cal. App. 4th 1093, 1101 (1991).

25        Plaintiffs argue that they had a fiduciary relationship with Shea because Shea is a mortgage

26 broker, citing California Civil Code § 2923.1.  Section 2923.1 provides: "[a] mortgage broker

27 providing mortgage brokerage services to a borrower is the fiduciary of the borrower."  CAL. CIV.

28 CODE 2923.1(a).  A mortgage loan broker is customarily a person "retained by a borrower to act as

1   the borrower's agent in negotiating an acceptable loan." Wyatt v. Union Mortgage Co., 24 Cal. 3d

2   773, 782 (1979); see also CAL. CIV. CODE 2923.1(b) ("'Mortgage broker' means a licensed person

3   who provides mortgage brokerage services. . . .  'Mortgage brokerage services' means arranging or

4   attempting to arrange, as exclusive agent for the borrower or as dual agent for the borrower and

5   lender, for compensation or in expectation of compensation, paid directly or indirectly, a

6   residential mortgage loan made by an unaffiliated third party").

7        Plaintiffs allege in the FAC that Shea holds itself out as a mortgage banker and states that it

8   is a licensed real estate broker on its website.  [FAC ¶¶ 55-57.]  However, Plaintiffs never allege or

9   present evidence showing that Shea was acting as a mortgage broker for the loan at issue.

10  Plaintiffs never allege that they or anyone else retained Shea to act as their agent in negotiating

11  Plaintiffs' loan.  Plaintiffs only allege that Shea was the lender of the loan, [id. ¶¶ 2, 8], and the

12  documents attached to the original complaint only list Shea as the lender of Plaintiffs' loan.

13  [Compl. Exs. 1-5.]  "The relationship between a lending institution and its borrower-client is not

14  fiduciary in nature."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093 n.

15  1 (1991).  Absent "special circumstances" a loan transaction is "at arms-length and there is no

16  fiduciary relationship between the borrower and lender."  Oaks Mgmt. Corp. v. Sup. Ct., 145 Cal.

17  App. 4th 453, 466 (2006) ("the bank is in no sense a true fiduciary"); see also Downey v.

18  Humphreys, 102 Cal. App. 2d 323, 332 (1951) ("A debt is not a trust and there is not a fiduciary

19  relation between debtor and creditor as such.").  Because Plaintiffs only allege that Shea was a

20  lender of the loan and not their mortgage broker, Plaintiffs have failed to show a likelihood of

21  success on their claim for breach of fiduciary duty.

22              ii.    Fraudulent Concealment

23       Plaintiffs bring a cause of action against Shea for fraudulent concealment.  [FAC ¶¶ 69-72.]

24  In California, a plaintiff alleging fraudulent concealment must plead five elements: "'(1) the

25  defendant must have concealed or suppressed a material fact, (2) the defendant must have been

26  under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally

27  concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have

28  been unaware of the fact and would not have acted as he did if he had known of the concealed or

1   suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must

2   have sustained damage.'" Kaldenbach v. Mutual of Omaha Life Ins. Co., 178 Cal. App. 4th 830,

3   850 (2009).

4        Plaintiffs do not allege any facts in the complaint or present evidence showing that Shea

5   had a duty to disclose the matters allegedly concealed.  As explained above, Plaintiffs only allege

6   that Shea was the lender of Plaintiffs' loan, and Plaintiffs have not shown that Shea acted as

7   Plaintiffs' mortgage broker.  "[A] financial institution owes no duty of care to a borrower when the

8   institution's involvement in the loan transaction does not exceed the scope of its conventional role

9   as a mere lender of money." Nymark, 231 Cal. App. 3d at 1096; see also id. ("[A] lender has no

10  duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an

11  unsafe investment.").  Accordingly, Plaintiffs have not shown that they are likely to succeed on

12  their claim for fraudulent concealment against Shea.

13              iii.    Negligent Misrepresentation

14       Plaintiffs bring claims for negligent misrepresentation against all three Defendants.  [FAC

15  ¶¶ 73-114.]  Under California law, "[t]he elements of negligent misrepresentation are (1) the

16  misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it

17  to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable

18  reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund LLC v. Roth

19  Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007).  "In contrast to fraud, negligent

20  misrepresentation does not require knowledge of falsity."  Id.

21       Further, under Federal Rule of Civil Procedure 9, a Plaintiff must plead a claim for

22  negligent misrepresentation with particularity.  See FED. R. CIV. P. 9(b); Neilson v. Union Bank of

23  Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well established in the Ninth

24  Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s

25  particularity requirement.").  Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the

26  who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA,

27  317 F.3d 1097, 1103 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.

28  1997)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the

transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"  Id. at 1106 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiffs' allegations in support of its claims for negligent misrepresentation fail to provide the "who, what, when, where, and how" of the misconduct charged.  Plaintiffs only provide generalized allegations of fraud.  Plaintiffs do not specify the specific statements that allegedly constituted misrepresentations, who specifically made the statements, and where and when the statements were made.  Therefore, Plaintiffs' allegations fail to satisfy Rule 9(b)'s pleading requirements, and Plaintiffs have failed to state a claim for negligent misrepresentation.  Accordingly, Plaintiffs have not shown that they are likely to succeed on their negligent misrepresentation claims.

### iv.    Plaintiffs' Remaining Claims

Plaintiffs' FAC also contains causes of action for constructive fraud and violations of the RESPA and the UCL.  [FAC ¶¶ 35-47, 65-68, 115-25.]  Because Plaintiffs provide no substantive analysis in their motion demonstrating why they will succeed on these claims, Plaintiffs have failed to show that they are likely to succeed on these remaining claims.  See, e.g., Sarantapoulas v. Recontrust Co., 2012 U.S. Dist. LEXIS 13467, at *3 (N.D. Cal. Feb. 3, 2012); Shaterian v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 62165, at *12 (N.D. Cal. Jun. 10, 2011) ("[A] plaintiff may not support a motion for a preliminary injunction by merely pointing to his complaint and the facts alleged therein.").

### B.    Immediate and Irreparable Harm

Plaintiffs argue that they will suffer immediate and irreparable harm because without a TRO Defendants will foreclose on the subject property and evict Plaintiffs from their home.  [Pl.'s Mot. at 3.]  Although a loss of one's personal residence constitutes an irreparable harm, see Demarest v. Quick Loan Funding, Inc., 2009 U.S. Dist. LEXIS 120251, at *33 (C.D. Cal. Apr. 6, 2009), in the absence of a likelihood of success on the merits, loss of property alone is not

1   sufficient to obtain a TRO."  Jones v. H.S.B.C. (USA), 2012 U.S. Dist. LEXIS 574, at *4-5 (S.D.

2   Cal. Jan. 4, 2012).

3         Moreover, to obtain a TRO the harm must not only be irreparable, but it must also be

4   immediate.  See FED. R. CIV. P. 65(b)(1)(A) ("immediate and irreparable injury").  Plaintiffs state

5   in their motion that they will be evicted from their property on June 1, 2011.[1]  [Pl.'s Mot. at 3.]

6   This date passed seven months ago without Plaintiffs' property being sold.  The Court recognizes

7   that it is likely that Plaintiffs' property was not sold on that date because Plaintiffs had obtained a

8   TRO on May 26, 2011 from the state court enjoining the Defendants from selling the property.

9   However, the state court TRO expired several months ago,[2] and Plaintiffs have not shown that

10  Defendants have scheduled a new trustee's sale for Plaintiffs' property.  In addition, the fact that

11  Plaintiffs waited seven month from when the action was removed to this Court and the original

12  TRO expired before moving for a new TRO weighs strongly against finding that the alleged harm

13  is immediate.  Cf. Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984)

14  ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety

15  of relief.").  Accordingly, although Plaintiffs have shown that they may suffer an irreparable

16  injury, they have failed to show that this injury is immediate.

17  ///

18  ///

19  ///

20

21      [1] The Court notes that this date does not appear to be a typographical error because this date
22  appears to be based on the date of sale for Plaintiffs' property that was listed on the notice of trustee's
    sale.  [Doc. No. 51-1, Declaration of Racquel C. Benas and Benjie C. Benas ¶ 4, Ex. 1.]

23      [2] Injunctive orders issued by a state court prior to removal "remain in full force and effect until
24  dissolved or modified by the district court."  28 U.S.C. § 1450.  However, once an action is removed,
    federal law, specifically Federal Rule of Civil Procedure 65, governs the time limits for the TRO.
25  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, Local No. 70, 415 U.S. 423,
    426, 435-38 (1974) (Section 1450 does not "create a special breed of temporary restraining orders that
26  survive beyond the life span imposed by state law . . . and beyond the life that the district court could
    have granted them . . . .").  Under Federal Rule of Civil Procedure 65(b)(2), an ex parte TRO expires
27  no later than fourteen days after the date of removal–in this case, July 15, 2011–unless extended by
    the court for good cause, or by consent of the adverse party.  FED. R. CIV. P. 65(b)(2).  Plaintiffs'
28  counsel states in his declaration that Defendants consented to extending the TRO until September 9,
    2011.  [Doc. No. 51-2, Declaration of Michael A. Alfred ¶ 2.]  However, even assuming this is true,
    it would still mean that the TRO expired on September 9, 2011, several months ago.

1    **C.    The Remaining Injunction Factors**

2           If an injunction is not issued, Plaintiff could suffer the irreparable harm of losing their

3    home.  If an injunction is issued, Defendants may not be able to foreclose on Plaintiffs' property,

4    but the Defendants would still retain their interest in the property.  Therefore, the balance of

5    hardships tip toward Plaintiffs.  See Horton v. Cal. Credit Corp. Ret. Plan, 2009 U.S. Dist. LEXIS

6    20612, at *17 (S.D. Cal. Mar. 16, 2009) ("It is churlish to suggest the delayed payment of a debt

7    outweighs loss of the family home.").

8           "Finally, while homeownership is in the public interest, . . . it is not in the public interest to

9    delay a foreclosure and afford relief to those deserving security on a defaulted loan."  Beutel v.

10   Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 121486, at *17 (N.D. Cal. Oct. 20, 2011) (citing

11   Wilson v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 86611, at *8 (N.D. Cal. Aug. 5, 2011)).

12                                          <u>CONCLUSION</u>

13          In sum, the only factor that weighs in favor of granting a TRO is the balance of the

14   hardships.  This factor by itself is insufficient to warrant injunctive relief.  See Johnson v.

15   California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance

16   of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible

17   minimum that there is a fair chance of success on the merits.'").  Accordingly, the Court **DENIES**

18   Plaintiffs' motion for a temporary restraining order.

19          **IT IS SO ORDERED.**

20   **DATED:**  February 16, 2012

21                                          **IRMA E. GONZALEZ, Chief Judge**
                                            **United States District Court**

22

23

24

25

26

27

28