1

2

3

4

5

6

7  # UNITED STATES DISTRICT COURT

8  ## SOUTHERN DISTRICT OF CALIFORNIA

9

10 RACQUEL C. BENAS and BENJIE C. BENAS,

11                                    Plaintiffs,

12

13

14

15       vs.

16

17

18

19

20 SHEA MORTGAGE INC.; IBM LENDER BUSINESS PROCESS SERVICES, INC.;
21 CHASE HOME FINANCE, LLC; and DOES I - XX, Inclusive,

22                                    Defendants.

23

24

25

CASE NO. 11cv1461 - IEG (BGS)

**ORDER**

**(1) GRANTING IN PART DEFENDANTS SHEA AND IBM/SETERUS'S MOTIONS TO DISMISS**

[Doc. Nos. 40, 45]

**(2) REMANDING STATE LAW CLAIMS**

**(3) DENYING AS MOOT CHASE'S MOTION TO DISMISS**

[Doc. No. 38]

**(4) DENYING AS MOOT SHEA'S MOTION TO STRIKE**

[Doc. No. 44]

**(5) DENYING AS MOOT IBM/SETERUS'S MOTION TO DETERMINE THAT NO TRO IS IN EFFECT**

[Doc. No. 39]

26        Presently before the Court is three motions to dismiss Plaintiffs' first amended complaint

27 ("FAC") brought by Defendants Shea Mortgage Inc. ("Shea"), IBM Lender Process Services, Inc.

28 ("IBM/SETERUS"), and Chase Finance, LLC ("Chase") (collectively "Defendants"), [Doc. Nos.

38, 40, 45], and a motion to strike portions of Plaintiffs' complaint brought by Defendant Shea, [Doc. No. 44], and a motion to determine that no temporary restraining order ("TRO") is in effect brought by Defendant IBM/SETERUS. [Doc. No. 39.] For the reasons set forth below, the Court **GRANTS IN PART** Defendants Shea and IBM/SETERUS's motions to dismiss and **DENIES AS MOOT** Chase's motion to dismiss, Shea's motion to strike, and IBM/SETERUS's motion to determine that no TRO is in effect.

## BACKGROUND

This is a mortgage case. Plaintiffs allege they purchased the subject property, located at 538 Trovita Court, Escondido, California, on March 13, 2008. [Doc. No. 37, FAC ¶¶ 1, 8.] To fund that purchase, Plaintiffs secured a loan for $417,000 from Defendant Shea Mortgage Inc. ("Shea"), secured by a Deed of Trust. [Id. ¶ 8.] On February 11, 2011, there was a notice of default on Plaintiffs' property, [id. ¶ 26], and on May 6, 2011, there was a notice of trustee's sale stating that the sale of Plaintiffs' property would take place on June 1, 2011. [Id. ¶ 33.]

On May 25, 2011, Plaintiffs filed the present action against Defendants Shea, IBM/SETERUS, and Chase in San Diego Superior Court alleging eleven causes of action. [Doc. No. 1-2, Compl.] Plaintiffs also filed on May 25, 2011 a motion for a temporary restraining order staying the foreclosure proceedings, which was granted by the state court on May 26, 2011. [Doc. Nos. 1-3, 1-4.] On July 1, 2011, Defendants removed the action from state court to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). [Doc. No. 1, Notice of Removal.]

Shortly after removing the action, all three Defendants moved to dismiss the complaint. [Doc. Nos. 2, 4, 14.] On October 4, 2011, the Court dismissed the complaint and gave Plaintiffs leave to file a first amended complaint ("FAC"). [Doc. No. 24.] On December 23, 2011, Plaintiffs filed a first amended complaint alleging seven causes of action for: (1) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605(a); (2) violation of RESPA, 12 U.S.C. § 2605(e); (3) breach of fiduciary duties under California Civil Code §§ 2923.1 and 2079.24 and California Business and Professions Code § 10176; (4) constructive fraud under California Civil Code § 1573; (5) fraudulent concealment under California Civil Code §§ 1709-

1710; (6) negligent misrepresentation and concealment under California Civil Code §§ 1709-1710; and (7) violation of California Business and Professions Code § 17200. [FAC.] By the present motions, the Defendants seek to dismiss all the causes of action in Plaintiffs' FAC. [Doc. Nos. 38, 40, 45.] In addition, Shea moves to strike portions of the allegations related to Plaintiffs' claim for breach of fiduciary duty, [Doc. No. 44], and IBM/SETERUS moves for an order determining that there is no TRO in effect. [Doc. No. 39.]

**DISCUSSION**

**I.    Defendants' Motions to Dismiss**

     **A.    Legal Standards for a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 129 S. Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged."

1    Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526

2    (1983).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

3    stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S.

4    Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

5           **B.    Plaintiffs' Federal Claims Under RESPA**

6           Plaintiffs' FAC alleges two causes of action for violations of the Real Estate Settlement

7    and Procedures Act ("RESPA")–one against Shea and one against IBM.  [FAC ¶¶ 35-47.]

8                  i.      Violations of RESPA sections 2605(a)

9           Plaintiffs' first cause of action alleges violations of RESPA section 2605(a) against Shea.

10   [FAC ¶¶ 35-40.]  Shea argues that this cause of action is time-barred by the applicable statute of

11   limitations.  [Doc No. 45-1 at 6-7.]  Plaintiffs argue that the cause of action is not time barred

12   because the doctrine of equitable tolling applies to their circumstances.  [Doc. No. 47 at 7-9.]

13   Shea responds that Plaintiffs have not pleaded allegations in their complaint showing why they

14   could not have discovered the violations set forth in the complaint at an earlier time.  [Doc. No. 55

15   at 7.]

16          The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. §

17   2605 "from the date of the occurrence of the violation[.]"  12 U.S.C. § 2614.  "[A]s a general rule

18   the limitations period starts at the consummation of the transaction."  King v. California, 784 F.2d

19   910, 915 (9th Cir. 1986).  "[E]quitable tolling may be applied if, despite all due diligence, a

20   plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria

21   v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citation omitted).  "Equitable tolling is

22   generally applied in situations 'where the claimant has actively pursued his judicial remedies by

23   filing a defective pleading during the statutory period, or where the complainant has been induced

24   or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"  O'Donnell v.

25   Vencor, Inc., 466 F. 3d 1104, 1112 (9th Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs,

26   498 U.S. 89, 96 (1990)).

27          "At the pleading stage, a plaintiff seeking the benefit of equitable tolling must allege facts

28   sufficient to demonstrate that he could not have 'discovered the alleged violations by exercising

1   reasonable diligence.'"  Perez v. Ocwen Loan Servicing, LLC, 2011 U.S. Dist. LEXIS 73769, at

2   *15-16 (S.D. Cal. Jul. 8, 2011).  Generally, a litigant seeking equitable tolling of a limitations

3   period bears the burden of establishing entitlement to equitable tolling.  Pace v. DiGuglielmo, 544

4   U.S. 408, 418 (2005).

5          Plaintiffs' section 2605(a) claim is based on Shea's alleged failure to provide certain

6   disclosures at the time of the loan origination.  [FAC ¶¶ 43-50.]  Plaintiffs' FAC alleges that they

7   closed on the loan at issue on March 17, 2008.  [Id. ¶¶ 8-9; see also Compl. Ex. 4.]  However,

8   Plaintiff did not file the present action until May 25, 2011, more than three years after the loan was

9   originated.  [Compl.]  Plaintiffs argue that they are entitled to equitable tolling.  [Doc. No. 47 at 7-

10  9.]  In support of this argument, Plaintiffs allege in the FAC that they were justified in believing

11  that they had received all the documents during the loan origination, and they only became aware

12  that these documents were not disclosed until after they conferred with legal counsel years later.

13  [FAC ¶ 39.]  These allegations are insufficient to show that Plaintiffs are entitled to equitable

14  tolling.  Plaintiffs must show that they exercised reasonable diligence in attempting to discover the

15  alleged violations.  See Santa Maria, 202 F.3d at 1178; Perez, 2011 U.S. Dist. LEXIS 73769, at

16  *15-16.  Plaintiffs do not explain in their allegations why they could not have discovered the

17  violations during the limitations period; in particular, why they could not have sought the advice

18  of legal counsel during the limitations period.  A claim of ignorance of the law until informed by

19  counsel is insufficient to establish entitlement to equitable tolling.  See Garibay v. Am. Home

20  Mortg. Corp., 2010 U.S. Dist. LEXIS 29071, at *14-15 (S.D. Cal. Mar. 26, 2010); Valdez v.

21  America's Wholesale Lender, 2009 U.S. Dist. LEXIS 118241, at *20 (N.D. Cal. Dec. 18, 2009).

22  Because Plaintiffs did not file their complaint until more than three years after the date of the

23  violations, and they have not pleaded sufficient facts showing that they are entitled to equitable

24  tolling, Plaintiffs' first cause of action is barred by the applicable statute of limitations.  See 12

25  U.S.C. § 2614.

26         In addition, Plaintiffs' claim for violation of section 2605(a) fails because Plaintiffs have

27  not alleged that Shea's conduct caused them any pecuniary damages.  "Numerous courts have read

28  Section 2605 as requiring a showing of pecuniary damages to state a claim."  Molina v. Wash.

1    Mut. Bank, 2010 U.S. Dist. LEXIS 8056, at *20-21 (S.D. Cal. Jan. 29, 2010) (collecting cases).

2    "This pleading requirement has the effect of limiting the cause of action to circumstances in which

3    plaintiff can show that a failure to respond or give notice has caused them actual harm."  Shepherd

4    v. Am. Home Mortg. Servs., Inc., 2009 U.S. Dist. LEXIS 108523, at *10 (E.D. Cal. Nov. 20,

5    2009) (citation omitted).  Courts have interpreted this requirement liberally.  Id.

6            Plaintiffs' FAC contains a conclusory allegation that Plaintiffs suffered pecuniary harm as

7    a result of not receiving the disclosures.  [FAC ¶ 40.]  This is a legal conclusion that the Court

8    need not accept as true.  See Iqbal, 129 S. Ct. at 1949.  In support of their assertion, Plaintiffs

9    allege that due to not receiving the disclosures, Plaintiffs were unable to understand with whom

10   they should communicate with respect to addressing their loan during the pendency of their

11   bankruptcy proceedings.  [FAC ¶ 40.]  Plaintiffs also allege that they were unable to clarify how to

12   amend and ameliorate their default.  [Id.]  These allegations at most show that the lack of

13   disclosures caused Plaintiffs some confusion.  However, Plaintiffs do not identify in their

14   allegations any specific damages that they incurred due to the failure to receive the disclosures.

15   Therefore, Plaintiffs have failed to allege that they have suffered any pecuniary losses.  See Cross

16   v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 141944, at *8-9 (C.D. Cal. Dec. 9, 2011)

17   (allegations that the violations of section 2605 caused the plaintiff some confusion is insufficient

18   to establish damages).  Because this is Plaintiffs' second chance to plead a cause of action for

19   violation of section 2605(a) and Plaintiffs have still failed to plead that they entitled to equitable

20   tolling and that they suffered any pecuniary damages from Shea's alleged failure to provide the

21   disclosures, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' first cause of action.

22                   ii.      Violations of RESPA section 2605(e)

23          Plaintiffs' second cause of action alleges violations of RESPA section 2605(e) against

24   IBM/SETERUS.  [FAC ¶¶ 41-47.]  IBM/SETERUS argues that Plaintiffs' claim should be

25   dismissed because Plaintiffs fail to plead that they suffered any actual damages due to IBM's

26   alleged failure to respond to their written requests.  [Doc. No. 40 at 6-7.]

27          Section 2605 of RESPA requires that "[i]f any servicer of a federally related mortgage loan

28   receives a qualified written request from the borrower (or an agent of the borrower) for

information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A); see also 12 U.S.C. § 2605(e)(2) (describing the action required to be taken in response to a qualified written request). If a loan servicer fails to comply with the provisions of § 2605, a borrower shall be entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [§ 2605]." 12 U.S.C. § 2605(f)(1).

Plaintiffs allege that they sent IBM/SETERUS statutorily sufficient qualified written requests ("QWRs") in March 2011 and on April 29, 2011. [FAC ¶¶ 30, 46; see also Compl. Ex. 32.] Plaintiffs further allege that although IBM/SETERUS responded to both of Plaintiffs' requests, IBM/SETERUS's responses were deficient. [FAC ¶¶ 31-32, 46; see also Compl. Exs. 33-34.] However, as stated above, "[n]umerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." Molina, 2010 U.S. Dist. LEXIS 8056, at *20-21.

Plaintiffs' FAC contains a conclusory allegation that Plaintiffs suffered pecuniary harm as a result of not receiving proper responses. [FAC ¶ 46.] This is a legal conclusion that the Court need not accept as true. See Iqbal, 129 S. Ct. at 1949. Plaintiffs argue that they have suffered pecuniary harm from IBM/SETERUS's failure to respond to their QWRs because it has caused them to consistently remit payments to multiple servicers–first Chase then IBM/SETERUS– without sufficient documentation of the calculation of the rates required to be remitted. [Doc. No. 48 at 7-8.] However, this is not possible based on the allegations in the complaint. Plaintiffs allege in the complaint that they made various loan payments to Chase from December 1, 2008 to September 2010 and then made various loan payments to IBM/SETERUS from October 2010 to January 2011. [FAC ¶¶ 12-25.] Plaintiffs allege on February 16, 2011, IBM/SETERUS refused Plaintiffs' loan payment. [Id. ¶ 28.] Plaintiffs allege that they sent their first QWR to IBM/SETERUS in March 2011. [Id. ¶ 30.] Plaintiffs do not allege that they made or attempted to make any loan payments after March 2011. Therefore, it is not possible based on these allegations that IBM/SETERUS's failure to respond to their QWR caused the harm that Plaintiffs allege they

1    suffered.  Accordingly, because this is Plaintiffs' second chance to plead a cause of action for

2    violation of section 2605(e) and Plaintiffs have still failed to plead that they suffered any

3    pecuniary losses due to IBM/SETERUS's alleged failure to response to Plaintiffs' QWRs, the

4    Court **DISMISSES WITH PREJUDICE** Plaintiffs' second cause of action.

5        **C.    Plaintiffs' State Law Claims**

6        Plaintiffs' remaining claims arise under California law: violation of fiduciary duty,

7    constructive fraud, fraudulent concealment, negligent misrepresentation and concealment, and

8    violation of California Business and Professions Code § 17200.  [FAC ¶¶ 48-125.]  Where a

9    district court has dismissed all claims over which it has original jurisdiction, it may decline to

10   exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3);

11   United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a

12   doctrine of discretion, not of plaintiff's right.").  When deciding whether to exercise supplemental

13   jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and

14   comity with state courts.  Gibbs, 383 U.S. at 726.  Where federal claims have been dismissed, the

15   balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state

16   law claims.  Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994).  Having

17   dismissed Plaintiffs' claims under RESPA and finding no diversity jurisdiction in Plaintiffs'

18   complaint, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state

19   law claims.  Accordingly, the Court **REMANDS** Plaintiffs' remaining state law claims.

20   **II.    Shea's Motion to Strike**

21       In addition to its motion to dismiss, Defendant Shea also filed a motion to strike portions of

22   Plaintiffs' allegations related to their third cause of action for breach of fiduciary duty.  [Doc. No.

23   44.]  Because the Court declines to exercise jurisdiction over Plaintiffs' state law claims, the Court

24   **DENIES AS MOOT** Shea's motion to strike.

25   **III.    IBM/SETERUS's Motion to Determine that No TRO is in Effect**

26       On January 9, 2012, Defendant IBM/SETERUS filed a motion to determine that no TRO is

27   in effect or to dissolve the TRO.  [Doc. No. 39.]  In response to this motion, Plaintiffs filed a

28   motion for a TRO on February 13, 2012, [Doc. No. 51], which the Court denied.  [Doc. No. 54.]

1    In denying the motion, the Court explained that Plaintiffs' previously obtained state court TRO

2    had expired several months ago pursuant to Federal Rule of Civil Procedure 65.  [Id. at 7 & n.2.]

3    Accordingly, the Court **DENIES AS MOOT** IBM/SETERUS's motion to determine that no TRO

4    is in effect.

5                                          **CONCLUSION**

6            For the reasons above, the Court **GRANTS IN PART** Defendants Shea and

7    IBM/SETERUS's motions to dismiss and **DISMISSES WITH PREJUDICE** Plaintiffs' first and

8    second causes of action and **REMANDS** Plaintiffs' third, fourth, fifth, sixth, and seventh causes of

9    action.  In light of the foregoing, the Court **DENIES AS MOOT** Defendant Chase's motion to

10   dismiss, the remaining portions of Defendants Shea and IBM/SETERUS's motions to dismiss,

11   Defendant Shea's motion to strike, and IBM/SETERUS's motion to determine that no TRO is in

12   effect.  The clerk is directed to close the case.

13           **IT IS SO ORDERED.**

14   **DATED:**  March 22, 2012

15                                                   **IRMA E. GONZALEZ**
                                                     **United States District Judge**
16

17

18

19

20

21

22

23

24

25

26

27

28